UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gilbert Salinas, an Individual,<br><br>                        Plaintiff,<br><br>v.<br><br>ISTAR BLUES, LLC, a Delaware Limited Liability Company; LIVE NATION ENTERTAINMENT, INC., a Delaware Corporation, DOES 1-10,<br><br>                        Defendants. | Case No.: 15-CV-02456-AJB-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**<br><br>(Doc. No. 15) |

Presently before the Court is Plaintiff Gilbert Salinas's ("Plaintiff") motion for leave to amend the complaint. (Doc. No. 15.) Defendants Istar Blues, LLC ("Istar Blues") and Live Nation Entertainment, Inc. ("Live Nation") (collectively, "Defendants") did not file an opposition. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND[1]

This dispute arises from Defendants' alleged noncompliance with the Americans

---

[1] All allegations in this section are taken from the complaint. (Doc. No. 1.)

1

with Disabilities Act ("ADA") and its California analogue. Plaintiff is a paraplegic who uses a wheelchair for mobility. Istar Blues is the real property owner of the Sleep Train Amphitheater ("Sleep Train"). Live Nation is the business owner of Sleep Train.

Plaintiff alleges that on October 3, 2015, he and his wife visited Sleep Train to attend a concert, and they were seated in section 103. This section is not immediately adjacent to the stage; rather, there is a section between section 103 and the stage. Dissatisfied with his seat, he attempted to purchase tickets in the "pit area," but was informed there was no wheelchair accessible seating in that area. When he inquired whether he would be able to purchase tickets in that area for future events, he was informed he could not.

Following the concert on October 3rd, Plaintiff attempted to leave section 103 by using the elevator that was "the closest and only method of exit from" the section. (Doc. No. 1 ¶ 21.) However, that elevator was inoperable by patrons. Rather, the elevator was managed by staff and security personnel. Plaintiff requested a staff member in the area get the elevator down for him. However, that member was unable to leave his post to get the elevator and could not reach another staff member to call the elevator for Plaintiff. Plaintiff was forced to wait 15 minutes in the section before a manager was able to assist him in leaving the area. Unfortunately, Plaintiff had to urgently use the restroom and soiled himself while waiting for the elevator. When Plaintiff was finally able to use the elevator, he found it to be slow, dingy, and dirty.

Plaintiff attempted to use the restroom next to Sleep Train's main entrance, but discovered it was inaccessible to persons with disabilities. Specifically, the designated handicap accessible toilet stall did not have a door. As such, he had no privacy from other patrons. It was the only stall in the restroom without a door.

Plaintiff instituted this action on October 30, 2015, by filing the operative complaint seeking redress for these grievances. (Doc. No. 1.) On February 11, 2016, Magistrate Judge Brooks issued the scheduling order, which required the parties to file any motions to amend the pleadings by April 8, 2016. (Doc. No. 12 at 1.) Plaintiff filed

the instant motion on that date. (Doc. No. 15.) The Court required Defendants to oppose the motion by April 25, 2016. (Doc. No. 16.) On April 27, 2016, after Defendants failed to oppose Plaintiff's motion, the Court took the matter under submission. (Doc. No. 17.)

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs leave to amend prior to trial. A party may amend its pleading once as a matter of course within 21 days after serving it; or, if the pleading is one requiring a response, within 21 days after service of the responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

The grant or denial of leave to amend is in the Court's discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy in favor of granting leave to amend is applied with extreme liberality. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

## DISCUSSION

As an initial matter, Defendants failed to file any opposition to Plaintiff's motion,

notwithstanding the passage of their April 25, 2016, deadline. (Doc. No. 16.) Civil Local Rule 7.1.e.2 requires an opposition or statement of nonopposition be filed no later than fourteen calendar days prior to the noticed hearing. Failure to comply with this rule "may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. Local R. 7.1.f.3. The Court construes Defendants' wholesale failure to file an opposition or to contact the Court for an extension of time as consent to the granting of Plaintiff's motion and accordingly **GRANTS** the motion on this ground.

Even if the Court were to consider the merits of Plaintiff's motion, the Court would reach the same conclusion. This is Plaintiff's first attempt to amend his complaint. *See Desertrain*, 754 F.3d at 1155 (noting "Plaintiffs only amended their complaint once"); *Eminence Capital, LLC*, 316 F.3d at 1053 (finding district court abused its discretion for dismissing plaintiffs' case with prejudice based solely on plaintiffs having already taken "three bites at the apple"). There is no suggestion that Plaintiff has acted in bad faith or that the proposed amendments would be futile. *See Desertrain*, 754 F.3d at 1154–55 (noting "there is no evidence of bad faith" and "there is no showing that amendment would be futile"); *see also Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))).

Nor can it be said that Plaintiff delayed in seeking leave to amend. The instant motion was filed by the deadline set for such motions by this case's scheduling order. (Doc. No. 12 at 1.) Furthermore, Plaintiff seeks to add facts he learned during the parties' onsite meet-and-confer, which occurred less than four months ago. (Doc. No. 15-1 at 4; Doc. No. 15-2 ¶ 2.) *See Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254–55 (9th Cir. 1981) (finding two-year delay did "not provide sufficient grounds for denying leave to amend"); *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) (finding five-year delay by itself insufficient ground for denying leave to amend).

Finally, the Court finds that Defendants will not be prejudiced by permitting the amendment. As noted, Plaintiff filed the instant motion within the deadline set forth in the scheduling order. Furthermore, Plaintiff does not seek to alter the legal theories upon which his complaint is based, but rather merely seeks to add facts supporting those claims already set forth in his original complaint. *Cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (finding the district court correctly determined amendment would unduly prejudice defendants where the new claims "advance different legal theories and require proof of different facts," thus necessitating additional discovery). These facts are ones of which Defendants already have notice, as the facts are derived from the parties' January 2016 meet-and-confer onsite at Sleep Train. (Doc. No. 15-1 at 4; Doc. No. 15-2 ¶ 2.) *See Desertrain*, 754 F.3d at 1154–55 (finding district court abused its discretion in refusing to permit plaintiffs to add claim that defendants "had ample notice of" by that stage of the litigation). That the close of discovery is still several months away further supports the Court's conclusion that Defendants will not be prejudiced by amendment. (Doc. No. 12 at 2.) *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987) (finding no prejudice to newly added defendant where the case was "still at the discovery stage with no trial date pending" and did not have a "pretrial conference [] scheduled"); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 WL 4517242, at *3 (C.D. Cal. Aug. 26, 2013) ("A defendant will not be prejudiced when a court merely permits a plaintiff to proceed to adjudicate the action on the merits, when the plaintiff is proceeding on the same claims based on the same facts and discovery has not yet been completed.").

//
//
//
//
//
//

# CONCLUSION

In sum, the Court finds Defendants will not be prejudiced by permitting Plaintiff to amend his complaint, and there is no showing—let alone a *strong* showing—on the other four factors. As such, the Court **GRANTS** Plaintiff's motion for leave to amend. (Doc. No. 15.) Plaintiff must file and serve his first amended complaint ("FAC") as a stand-alone document on or before ***May 13, 2016***. Defendants must respond to the FAC on or before ***June 13, 2016***.

**IT IS SO ORDERED.**

Dated: May 9, 2016

Hon. Anthony J. Battaglia
United States District Judge