UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GILBERT SALINAS, | Case No.: 15cv2456-AJB (RBB) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DEPOSITION OF DEFENDANTS ISTAR BLUES, LLC AND LIVE NATION ENTERTAINMENT, INC. [ECF NO. 36]; DENYING DEFENDANTS' REQUEST FOR SANCTIONS** |
| v. | |
| ISTAR BLUES, LLC, a Delaware Limited Liability Company; LIVE NATION ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, | |
| Defendants. | |

On August 19, 2016, Plaintiff Gilbert Salinas filed a "Motion to Compel Deposition of Defendants Istar Blues, LLC and Live Nation Entertainment, Inc." (the "Motion to Compel") with a supporting memorandum of points and authorities, a declaration of Isabel Rose Masanque, and several exhibits [ECF No. 36]. Defendants Istar Blues, LLC and Live Nation Entertainment, Inc. filed an "Opposition to Plaintiff's Motion to Compel Defendants' Depositions" (the "Opposition") on September 7, 2016, with a declaration of Michael J. Chilleen [ECF No. 40]. There, they request that sanctions be assessed against Salinas. (Opp'n 4, ECF No. 40.) On September 14, 2016, Plaintiff filed a Reply with a declaration of Isabel Rose Masanque and three exhibits

[ECF No. 41]. For the reasons discussed below, Salinas's Motion to Compel is **GRANTED in part and DENIED in part**, and Defendants' request for sanctions is **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff filed his lawsuit against Defendants on October 30, 2015. (Compl. 1, ECF No. 1.)[1] In his Amended Complaint, Salinas asserts claims against Defendants for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (Am. Compl. 17-24, ECF No. 19.) Plaintiff is an individual with physical disabilities, and he uses a wheelchair for mobility. (Id. at 1.) He contends that Istar Blues, who owns the Sleep Train Amphitheater, and Live Nation, a business owner and lessee of the Amphitheater, hosted a concert that he attended on October 3, 2015. (Id. at 1-2, 3.) Salinas alleges that the elevator next to the section of the Amphitheater where he was seated is not independently operable by persons with disabilities and requires the assistance of a staff member. (Id. at 5.) As a result, while attempting to leave the Amphitheater on the night of the concert, Plaintiff was forced to wait over fifteen minutes before being able to use the elevator, which was the only accessible way for him to leave. (Id. at 4, 6.) Because he had to wait for this period of time, Salinas urinated on himself. (Id.) Plaintiff additionally indicates that the Amphitheater lacks adequate wheelchair accessible seating areas, as well as accessibility issues with the gates, ramps, handrails, and restrooms. (Id. at 3-4, 7-17.) He seeks injunctive relief, damages, and attorney's fees. (Id. at 24.)

## II. PROCEDURAL BACKGROUND

Defendants answered Salinas's Complaint on November 24, 2015 [ECF No. 5]. After being given leave to amend, Plaintiff filed an Amended Complaint on May 10, 2016 [ECF No. 19], and Defendants filed an answer to this pleading on May 19, 2016

---

[1] The Court will cite to documents as paginated on the electronic case filing system.

[ECF No. 20].  Salinas served Defendants with notices of deposition on February 22, 2016.  (Mot. Compel Attach. #2 Decl. Masanque 1, ECF No. 36.)  Defendants objected, and Plaintiff served amended notices of deposition on April 19, 2016.  (Id. at 2.)  After another round of objections, Salinas served second amended notices of deposition on July 1, 2016.  (Id. at 2.)  Istar Blues and Live Nation filed a Motion to Compel Arbitration on July 20, 2016, and the Defendants objected to the second amended notices the following day.  (Id.)  Meet-and-confer efforts between the parties were unsuccessful, with Defendants maintaining that depositions were not appropriate while the Motion to Compel Arbitration was pending.  (Id. at 2-3.)  Plaintiff filed the Motion to Compel on August 19, 2016.  (Mot. Compel 1, ECF No. 36.)

On October 12, 2016, United States District Court Judge Anthony J. Battaglia issued an Order Granting in Part and Denying in Part Defendants' Motion to Compel Arbitration and Denying Defendants' Motion to Enforce Settlement [ECF No. 44].  The Motion to Compel Arbitration was granted as to Live Nation, and the action was stayed against that Defendant pending arbitration.  (Order Granting in Part & Den. in Part Defs.' Mot. Compel Arbitration 17, ECF No. 44.)  Judge Battaglia denied the Motion to Compel Arbitration as to Istar Blues.  (Id.)

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  Fed. R. Civ. P. 30(a)(1).  But "[w]here an action has been stayed pending arbitration, a district court may not permit the parties to conduct discovery under the Federal Rules of Civil Procedure."  Corpman v. Prudential-Bache Sec., Inc., 907 F.2d 29, 31 (3d Cir. 1990); see also Suarez-Valdez v. Shearson Lehman/Am. Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988) (footnote omitted) ("The district court erred in refusing to stay discovery.  An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules."); Advanced Tech. Assocs., Inc. v. Seligman, No. Civ. A. 97–2374–GTV, 1997 WL 756604, at *5 (D. Kan. Nov. 18, 1997) (internal citations omitted)

("The majority of case law on this subject holds that all discovery should be suspended where litigation has been stayed pending arbitration. To allow discovery to proceed would interfere with the arbitration process."); Schacht v. Hartford Fire Ins. Co., No. 91 C 2228, 1991 WL 247644, at *4 (N.D. Ill. Nov. 6, 1991) (same).

## IV.  DISCUSSION

### A.  Deposition of Live Nation

In the Motion to Compel, Salinas makes several arguments why Live Nation should be compelled to attend a deposition. (See Mot. Compel Attach. #1 Mem. P. & A. 4-5, ECF No. 36.) As discussed above, however, Judge Battaglia has granted the Motion to Compel Arbitration as to Live Nation, and the action is stayed against this Defendant. (Order 17, ECF No. 44.) Because of this ruling, the Court cannot order Live Nation to submit to a deposition or participate in any discovery. See Corpman, 907 F.2d at 31. Accordingly, Plaintiff's Motion to Compel as to the request that Live Nation be compelled to attend a deposition is **DENIED**. See Visa USA, Inc. v. Maritz Inc., No. C 07-05585 JSW, 2008 WL 744832, at *6 (N.D. Cal. Mar. 18, 2008) ("[B]ecause the Court has determined that arbitration is the correct forum to resolve arbitrability, the Court finds that Maritz's request for additional discovery is improper and DENIES it as well.").

### B.  Deposition of Istar Blues

As with Live Nation, Salinas's arguments in the Motion to Compel concern this Defendant's refusal to be deposed before the Motion to Compel Arbitration has been ruled on. (See Mot. Compel Attach. #1 Mem. P. & A. 4-5, ECF No. 36.) In the Opposition, Istar Blues contends that "the Court should stay discovery until Defendants' motion to stay and compel arbitration is resolved." (Opp'n 2, ECF No. 40.) This Defendant asserts that under the Federal Arbitration Act, discovery obligations are stayed when there is a pending motion to compel arbitration. (Id.) Istar Blues additionally notes that "courts routinely deny motions to compel and stay merits discovery until the issue of arbitration has been resolved." (Id. at 3 (citations omitted).) In the Reply, Plaintiff complains that Istar Blues did not seek a separate stay of discovery, distinguishing the

case law cited by the Defendant in the Opposition. (Reply 2-3, ECF No. 41 (citations omitted).) Salinas further disputes the appropriateness of a stay. (Id. at 3-5.)

Istar Blues's entire argument for refusing to submit to a deposition rests on the inappropriateness of discovery when a motion to compel arbitration is pending. But as mentioned above, Judge Battaglia denied the Motion to Compel Arbitration as to Istar Blues. (Order Granting in Part & Den. in Part Defs.' Mot. Compel Arbitration 17, ECF No. 44.) This Defendant has provided the Court with no other reason why it should not be compelled to attend a deposition, and its arguments are now moot. As a result, Plaintiff's Motion to Compel as to the request that Istar Blues be compelled to attend a deposition is **GRANTED**. This Defendant shall submit to a deposition no later than December 9, 2016. The fact discovery deadline in this case is extended to that date for the sole purpose of compliance with this order.

C.    **The Parties' Requests for Sanctions**

In his Motion to Compel, Salinas contends that sanctions should be assessed against Defendants because they "have refused to participate in the discovery process by failing to appear for several noticed depositions and have unilaterally decided, without first obtaining a court order, to essentially stay discovery." (Mot. Compel Attach. #1 Mem. P. & A. 6, ECF No. 36.) The Plaintiff maintains that it needed these depositions and that the Defendants' refusal to participate "is without justification, substantial or otherwise." (Id.) Salinas requests a sanctions award in the amount of $1,100. (Id. (citation omitted).) Defendants do not respond to these arguments in the Opposition, but they argue that "Plaintiff should be sanctioned for bringing this frivolous motion." (Opp'n 4, ECF No. 40.) They ask for sanctions in the amount of $1,500. (Id. (citing id. Attach. #1 Decl. Chilleen 2).) Salinas does not address sanctions in the Reply.

Federal Rule of Civil Procedure 37(a)(5) provides as follows:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both

>to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>>**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>>**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>>**(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(i)-(iii). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." U.S. EEOC v. Caesars Entm't, Inc., 237 F.R.D. 428, 435 (D. Nev. 2006) (citation omitted). "The non-moving party bears the burden of demonstrating its conduct was substantially justified." Blair v. CBE Grp., No. 13cv134–MMA (WVG), 2014 WL 4658731, at *1 (S.D. Cal. Sept. 17, 2014) (citing Aevoe Corp. v. AE Tech Co., No. 2:12–cv–00053–GMN–NJK, 2013 WL 5324787, at *2 (D. Nev. Sept. 20, 2013)). "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." O'Connell v. Fernandez–Pol, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing Craig v. Far West Eng'g Co., 265 F.2d 251, 260 (9th Cir. 1959)).

As a preliminary matter, Plaintiff's Motion to Compel Defendant Live Nation to submit to a deposition has been denied. Accordingly, Salinas's Motion to Compel as to the request for sanctions against this Defendant is also **DENIED**. Regarding Plaintiff's request for sanctions against Defendant Istar Blues, the Court notes that Defendants cite a considerable amount of case law in support of their arguments in the Opposition. (See Opp'n 2-4, ECF No. 40.) As a result, Istar Blues appears to have believed in good faith that it did not need to attend its deposition until the Motion to Compel Arbitration was resolved. This is sufficient to show substantial justification, precluding a sanctions award against Istar Blues. See Nehad v. Browder, Case No.: 15-CV-1386 WQH NLS, 2016 WL 3769807, at *5 (S.D. Cal. July 15, 2016) ("Defendants' positions were not patently

unreasonable in disputing whether the scope of the discovery was proper or whether cost-shifting should be permitted.  As such, the Court cannot say that Defendants' arguments were so unjustified that they must bear the costs.  Accordingly, the Court denies Plaintiffs' request for sanctions.").  Salinas's request for sanctions against Istar Blues in connection with his Motion to Compel is **DENIED**.

Finally, the Court addresses Defendants' request that Plaintiff be sanctioned.  This request is conclusory and does not contain any supporting facts or law.  The Defendants' lack of analysis alone is a sufficient reason for the Court to deny this request.  See Alston v. Cavalry Portfolio Servs., LLC, Civil Action No. 8:12–cv–03589–AW, 2013 WL 4501325, at *3 (D. Md. Aug. 21, 2013) (internal citation omitted) ("Defendant appears to make a conclusory, one-sentence request for sanctions in its reply brief.  Defendant has not adequately presented this question for the Court to consider it.").  Moreover, the parties had a genuine dispute regarding whether Defendants should be compelled to attend their depositions in light of the pending Motion to Compel Arbitration.  As a result, there is no basis for assessing sanctions against Salinas.  Defendants' request for sanctions is **DENIED**.

## V.  CONCLUSION

For the reasons discussed, Plaintiff's Motion to Compel [ECF No. 36] is **GRANTED in part and DENIED in part.**  The Motion to Compel as to the request that Live Nation be compelled to attend a deposition is **DENIED**.  Salinas's Motion to Compel Istar Blues to attend a deposition is **GRANTED**.  This Defendant shall submit to a deposition no later than December 9, 2016.  The fact discovery deadline in this case is extended to that date for the limited purpose of compliance with this order.  The Motion

//
//
//
//
//

to Compel as to the request for sanctions is **DENIED** as to both Defendants.  Defendants' request that sanctions be assessed against Plaintiff is **DENIED**.

IT IS SO ORDERED.

DATED:  November 9, 2016

_____
Hon. Ruben B. Brooks
United States Magistrate Judge

cc:     Judge Battaglia
        All Parties of Record